

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

November 16, 2021

**VIA ECF**

The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   SEC v. BitConnect, et al. (21 Civ. 7349) (JGK)

Dear Judge Koeltl:

*Application granted. Time to serve Kumbhani and BitConnect extended to 2/28/22. Conference adjourned from 12/2/21 to 3/1/22. So ordered. /s/ JGK (USDJ) 11/17/21*

Plaintiff Securities and Exchange Commission respectfully writes for two reasons. First, the Commission provides a status update concerning service of process on Defendants Satish Kumbhani ("Kumbhani") and BitConnect ("BitConnect"), who appear to be outside the United States, and requests additional time to serve them if they turn out to be in the United States. Second, the Commission requests, with the consent of counsel for Defendants Glenn Arcaro ("Arcaro") and Future Money Ltd. ("Future Money"), that the initial case conference scheduled for December 2, 2021, be adjourned to March 1, 2022.

**I.      Service on Kumbhani and BitConnect**

As the Complaint alleges, Kumbhani is the founder and manager of BitConnect, and the Commission did not know the whereabouts of Kumbhani, an Indian citizen, when it filed this action. Complaint ("Cmplt.") (D.E. 1) ¶ 20. As further alleged (Cmplt. ¶ 19), BitConnect is not an incorporated entity and therefore must be served through Kumbhani, as its manager, pursuant to Federal Rule of Civil Procedure 4(h)(1)(B), in a manner prescribed by Rule 4(f). In October 2021, the Commission staff learned that Kumbhani had likely relocated from India to an unknown address in a different country. The Commission has sought assistance from that country's financial regulatory authorities in locating Kumbhani, so that the Commission may serve him, and Bitconnect through him. The Commission has not yet received any such address and is unable to estimate how long it will take to obtain one.

Although the 90-day time limit for service of process under Federal Rule of Civil Procedure 4(m) does not apply to service in a foreign country, the Commission cannot

The Hon. John G. Koeltl
November 16, 2021
Page 2

rule out the possibility, contrary to the Commission's current information, that Kumbhani and BitConnect are in the United States. For that reason, the Commission respectfully requests that the Court extend the Commission's time to serve these Defendants for a period of 90 days, from November 29, 2021, to February 28, 2022, in case they turn out to be in the United States.

Rule 4(m) provides that upon a showing of good cause, a court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Moreover, courts "may extend the time to serve even in the absence of good cause." *Astor Chocolate Corp. v. Elite Gold Ltd.*, No. 18 Civ. 11913, 2020 WL 2130680, at *6 (S.D.N.Y. May 5, 2020) (internal quotation marks and citation omitted); *see also Emerald Asset Advisers, LLC v. Schaffer*, 895 F. Supp. 2d 418, 427-28 (E.D.N.Y. 2012) (plaintiff who had acted "diligent[ly]" in attempting to serve a difficult-to-locate defendant had shown good cause). Moreover, when Rule 4(m) was amended in 2015 to shorten the deadline for service from 120 days to 90 days, the Advisory Committee notes explained that "[m]ore time may be needed, for example, when a request to waive service fails, [or] a defendant is difficult to serve." Fed. R. Civ. P. 4(m) Advisory Committee's Note to 2015 Amendment.

Here, the Commission has shown good cause to extend the time to serve Kumbhani and BitConnect by 90 days, in case Rule 4(m)'s time limit applies here. Kumbhani and BitConnect reside at an unknown location (which the Commission has reason to believe is abroad but cannot yet definitively ascertain) and have been difficult to locate. The Commission has been diligent in attempting to locate them, and has made efforts to secure the assistance of foreign regulatory authorities for that purpose. *See SEC v. Sheyn*, No. 04 Civ. 2003, 2005 WL 2990643, at *3 (S.D.N.Y. Nov. 7, 2005) (conclusion that "SEC has demonstrated 'good cause' is reinforced by numerous cases that have found 'good cause' when the defendant's whereabouts are unknown or otherwise difficult to discern"); *SEC v. One or More Unknown Traders in Secs. of Bioverativ, Inc.*, 18 Civ. 701 (JGK), D.E. 21, 27, 34, 42 (S.D.N.Y.) (granting extensions to serve the complaint while the Commission worked to identify trader believed to be overseas).

For the foregoing reasons, in case Kumbhani is located within the United States and thus Rule 4(m)'s time limit on service applies here, the Commission respectfully requests that the Court extend the Commission's time to serve him and BitConnect with the Summons and Complaint from November 29, 2021, to February 28, 2022. The Commission hopes that it will complete its investigation into Kumbhani's current whereabouts by then and, if he is in the United States, serve him and BitConnect by then.

The Hon. John G. Koeltl
November 16, 2021
Page 3

## II. The Court Should Adjourn the Initial Case Management Conference from December 2, 2021 to March 1, 2022.

As Defendants Kumbhani and BitConnect have not yet been served with the Summons and Complaint and have not yet appeared, the Commission respectfully requests that the initial case management conference scheduled for December 2, 2021 be adjourned to March 1, 2022. No prior request for an adjournment of the case conference has been made, and Defendants Arcaro and Future Money consent to this request.

Respectfully submitted,

/s/ Richard G. Primoff
Richard G. Primoff
Senior Trial Counsel

cc:   Counsel for Defendants Glenn Arcaro and Future Money Ltd. (by ECF)