

NEW YORK
REGIONAL OFFICE

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

February 28, 2022

<u>**VIA ECF**</u>

The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      **Re:**    *SEC v. BitConnect, et al.,* **21 Civ. 7349 (JGK)**

Dear Judge Koeltl:

      Plaintiff Securities and Exchange Commission respectfully writes to (1) provide a status update concerning service of process on Defendants Satish Kumbhani ("Kumbhani") and BitConnect ("BitConnect") (collectively the "Defendants"), whom the Commission believes are outside the United States, (2) respectfully request that in the event Court determines the Commission's efforts to serve the Defendants are inconsistent with the Court's December 15, 2021 order staying proceedings in this case pending resolution of the criminal proceedings in *United States v. Glenn Arcaro,* 21 Cr. 2542 (S.D. Cal.) (the "Criminal Proceeding") (Dkt. No. 27) (the "Order"), the Court modify the Order to permit the Commission to effect service of process on the Defendants, and (3) grant the Commission an additional 90 days to complete service on Defendants pursuant to Federal Rule of Civil Procedure ("Rule") 4(m) if Defendants are, contrary to current information, located in the United States.

      **A.**    **The Commission to Date Has Been**
             <u>**Unable to Locate Defendants' Foreign Address.**</u>

      As the Commission previously advised the Court, *see* Dkt. No. 19 at 1 (Commission's Nov. 16, 2021 letter to the Court), the Commission did not know the whereabouts of Kumbhani, an Indian citizen, at the time it filed this action, and BitConnect is an unincorporated entity the Commission must serve through its manager, Kumbhani, pursuant to Rule 4(h)(1)(B) and Rule 4(h)(2). In October 2021, the Commission learned that Kumbhani has likely relocated from India to an unknown address in a different foreign country. Since November, the Commission has been consulting with that country's financial regulatory authorities in an attempt to locate Kumbhani's

The Hon. John G. Koeltl
February 28, 2022
Page 2

address. At present, however, Kumbhani's location remains unknown, and the Commission remains unable to state when its efforts to locate him will be successful, if at all.[1]

### B. Court Should Permit the Commission to Effect Service of Process on Defendants

The Court's Order stays proceedings in this case and precludes the Commission and Defendants Kumbhani, BitConnect, Arcaro and Future Money Ltd. from seeking discovery from one another and from third parties. The Commission respectfully submits that its efforts to serve Defendants are not inconsistent with the terms of the Order, or the justifications expressed by the Government as the basis for its requested stay of proceedings in this case—the prevention of unfairness and prejudice from the conduct of civil discovery during the pendency of the Criminal Proceeding. *See* Dkt. No. 23 (Government's Motion and Memorandum of Law dated November 30, 2021) at 7-14. Rather, effecting service of process on Defendants constitutes a threshold step necessary to bring Defendants within the Court's jurisdiction, absent which the Court's Order (and any future orders or proceedings) may not be binding on them. Although the Commission has been unable to find authority directly on point, in *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156-58(6th Cir. 1991), the Sixth Circuit rejected the plaintiff's argument that its failure to complete service of process should be excused because service of process constituted a "proceeding" subject to the stay order, and held that a stay order cannot bind an unserved defendant over whom a court has no personal jurisdiction.

In the event the Court determines that service of process constitutes a proceeding in this case that is subject to the Order, the Commission respectfully requests in the alternative that the Court modify the Order to permit the Commission to undertake efforts to serve the Defendants. Such relief would not adversely affect the interests expressed by the Government as the basis for its stay motion, which was the prevention of prejudice and unfairness that would arise with proceeding with discovery in this case while the Criminal Proceeding is pending. On the contrary, granting the requested relief will advance the administration of justice, because it will afford the Commission the ability to ensure adequate notice to Defendants of the Commission's claims consistent with constitutional due process concerns. Counsel for the Government has confirmed to the Commission that it no objection to this requested relief in the alternative.

### C. The Court Should Grant the Commission a 90-day Extension of Time to Serve Defendants If They Are in the United States

Although the 90-day time limit for service of process under Federal Rule of Civil Procedure 4(m) does not apply to service in a foreign country, the Commission cannot rule out the possibility, contrary to the Commission's current information, that Defendants may be located in the United States. For that reason, the Commission respectfully requests that, if the

---

[1] On Friday, February 25, 2022, the United States Department of Justice announced that a federal grand jury had returned an indictment against Kumbhani on charges related to BitConnect, and that he remains at large. *See* https://www.justice.gov/opa/pr/bitconnect-founder-indicted-global-24-billion-cryptocurrency-scheme.

The Hon. John G. Koeltl
February 28, 2022
Page 3

Court grants permission to the Commission to undertake efforts to serve Defendants, the Court extend the Commission's time to serve them for a period of 90 days, from February 28, 2022 to May 30, 2022.

Rule 4(m) provides that upon a showing of good cause, a court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *see also Emerald Asset Advisers, LLC v. Schaffer*, 895 F. Supp. 2d 418, 427-28 (E.D.N.Y. 2012) (plaintiff who had acted "diligent[ly]" in attempting to serve a difficult-to-locate defendant had shown good cause). When Rule 4(m) was amended in 2015 to shorten the deadline for service from 120 days to 90 days, the Advisory Committee notes explained that "[m]ore time may be needed, for example, when a request to waive service fails, [or] a defendant is difficult to serve." Fed. R. Civ. P. 4(m) advisory committee's note to 2015 amendment. Moreover, courts "may extend the time to serve even in the absence of good cause." *Astor Chocolate Corp. v. Elite Gold Ltd.*, No. 18 Civ. 11913, 2020 WL 2130680, at *6 (S.D.N.Y. May 5, 2020) (internal quotation marks and citation omitted).

Here, the Commission has shown good cause to extend the time to serve the Defendants by 90 days, in the event that the time limit of Rule 4(m) applies here. As discussed above, they have been difficult to locate and likely reside at an unknown location abroad. The Commission has been diligent in attempting to locate them, including by seeking the assistance of foreign regulatory authorities. *See SEC v. Sheyn*, No. 04 Civ. 2003, 2005 WL 2990643, at *3 (S.D.N.Y. Nov. 7, 2005) (conclusion that "SEC has demonstrated 'good cause' is reinforced by numerous cases that have found 'good cause' when the defendant's whereabouts are unknown or otherwise difficult to discern"); *SEC v. One or More Unknown Traders in Secs. of Bioverativ, Inc.*, No. 18 Civ. 701 (JGK), D.E. 21, 27, 34, & 42 (S.D.N.Y Apr. 19 and Oct. 23, 2018, Feb. 22 and Jun. 25, 2019) (granting extensions to serve the complaint while the Commission worked to identify trader believed to be overseas).

For the foregoing reasons, the Commission respectfully requests that the Court grant permission to undertake service of process on Defendants, and that in the event that Rule 4(m)'s time limit on service applies here, that the Court extend the Commission's time to serve them with the Summons and Complaint, from February 28, 2022 to May 30, 2022, so that the Commission may complete its investigation into their current whereabouts and, if it locates them within the United States, serve them in a timely fashion.

Respectfully submitted,
/s/ Richard G. Primoff
Richard G. Primoff
Senior Trial Counsel