

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

NEW YORK
REGIONAL OFFICE

August 7, 2025

**VIA ECF**

The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

APPLICATION GRANTED
SO ORDERED

8/8/25　　John G. Koeltl, U.S.D.J.

Re:   *SEC v. BitConnect, et al.,* 21 Civ. 7349 (JGK)

Dear Judge Koeltl:

Plaintiff Securities and Exchange Commission (the "Commission") respectfully (1) provides a status update concerning service of process on Defendants Satish Kumbhani ("Kumbhani") and BitConnect ("BitConnect") (collectively the "Defendants"), whom the Commission believes are outside the United States; and (2) requests that the Court grant the Commission an additional 90 days to complete service on Defendants pursuant to Federal Rule of Civil Procedure ("Rule") 4(m) if Defendants are, contrary to current information, located in the United States.

**A.   Background**

As the Commission has previously advised the Court, *see* Dkt. Nos. 19, 24, 30, 31, 34, 37, 39, 41, 46, 48, 50, 52, 54, 56 and 58 (Commission's November 16, 2021-May 14, 2025 letters to the Court), at the time it filed this action, the Commission did not know the whereabouts of Kumbhani, an Indian citizen; and BitConnect is an unincorporated entity, which the Commission must serve through its manager, Kumbhani, pursuant to Rule 4(h)(1)(B) and Rule 4(h)(2).

In the Commission's most recent status report to the Court (Dkt. No. 58), the Commission reported that, notwithstanding its prior efforts to ascertain Kumbhani's location—including from foreign regulatory authorities—his location remained unknown. As of the date of this letter, Kumbhani's location remains unknown. Kumbhani is also subject to a pending indictment, filed by the Department of Justice on February 25, 2022, *see U.S. v. Kumbhani*, 22 Cr. 395 (S.D. Cal.), and the Commission understands that he remains in fugitive status in that proceeding.

The Hon. John G. Koeltl
August 7, 2025
Page 2

### B. The Court Should Grant the Commission a 90-day Extension of Time to Serve Defendants If They Are in the United States.

Although the 90-day time limit for service of process under Rule 4(m) does not apply to service in a foreign country, the Commission cannot rule out the possibility, contrary to the Commission's current information, that Defendants may be located in the United States. For that reason, the Commission respectfully requests that, if Defendants are located within the United States, and the time limit in Rule 4(m) applies here, the Court extend the Commission's time to serve Defendants for a period of 90 days, from August 13, 2025 to November 12, 2025.

Rule 4(m) provides that, upon a showing of good cause, a court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); see also Emerald Asset Advisers, LLC v. Schaffer, 895 F. Supp. 2d 418, 427-28 (E.D.N.Y. 2012) (plaintiff who had acted "diligent[ly]" in attempting to serve a difficult-to-locate defendant had shown good cause). When Rule 4(m) was amended in 2015 to shorten the deadline for service from 120 days to 90 days, the Advisory Committee notes explained that "[m]ore time may be needed, for example, when a request to waive service fails, [or] a defendant is difficult to serve." Fed. R. Civ. P. 4(m) advisory committee's note to 2015 amendment. Moreover, courts "may extend the time to serve even in the absence of good cause." Astor Chocolate Corp. v. Elite Gold Ltd., No. 18 Civ. 11913, 2020 WL 2130680, at *6 (S.D.N.Y. May 5, 2020) (internal quotation marks and citation omitted).

Here, the Commission has shown good cause to extend the time to serve the Defendants by 90 days, in the event that the time limit of Rule 4(m) applies here. As discussed above, Defendants have been difficult to locate—indeed, Kumbhani is a fugitive—and they likely reside at an unknown location abroad. The Commission has been diligent in attempting to locate Defendants, including by seeking the assistance of more than one foreign regulatory authority. See SEC v. Sheyn, No. 04 Civ. 2003, 2005 WL 2990643, at *3 (S.D.N.Y. Nov. 7, 2005) (conclusion that "SEC has demonstrated 'good cause' is reinforced by numerous cases that have found 'good cause' when the defendant's whereabouts are unknown or otherwise difficult to discern"); SEC v. One or More Unknown Traders in Secs. of Bioverativ, Inc., No. 18 Civ. 701 (JGK), D.E. 21, 27, 34, & 42 (S.D.N.Y Apr. 19 and Oct. 23, 2018, Feb. 22 and Jun. 25, 2019) (granting extensions to serve the complaint while the Commission worked to identify trader believed to be overseas).

For the foregoing reasons, the Commission respectfully requests that, if Rule 4(m)'s time limit on service applies here, the Court extend the Commission's time to serve the Defendants with the Summons and Complaint, from August 13, 2025 to November 12, 2025 so that the Commission may complete its investigation into Defendants' current whereabouts and, if it locates them within the United States, serve them in a timely fashion.

Respectfully submitted,

/s/ Richard G. Primoff
Richard G. Primoff
Senior Trial Counsel